# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **WALTER E. ROBINSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No: 21-cv-01393-APM** |
| | ) | |
| **WASHINGTON METROPOLITAN AREA** | ) | |
| **TRANSIT AUTHORITY,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## ORDER

Plaintiff Walter E. Robinson filed this action against his former employer, Defendant Washington Metropolitan Area Transit Authority ("WMATA"), seeking to enforce a settlement agreement between the two parties. Complaint, ECF No. 1 [hereinafter Compl.]. In a single claim for breach of contract, Plaintiff alleges that WMATA violated the settlement agreement when it failed to place him in a training class for a station-manager position. *Id.* ¶¶ 33–38. WMATA has moved to dismiss the complaint, or, in the alternative, for summary judgment. Def.'s Mot. to Dismiss Pl.'s Compl. and/or for Summ. J., ECF No. 14 [hereinafter Def.'s Mot.].

WMATA's motion to dismiss is premised on Plaintiff's general release of employment-related claims against WMATA as part of the settlement agreement. Def.'s Mot. at 1.[1] But WMATA misconstrues the allegations underlying Plaintiff's claim. Plaintiff only released employment-related claims that *preceded* his entry into the agreement. *See* Def.'s Mot., Settlement Agreement & General Release, ECF No. 14-2, ¶ 5. In his complaint, Plaintiff is not contesting

---

[1] WMATA's motion and memorandum in support appear in a single consolidated PDF on the docket at ECF No. 14. The court therefore refers to the ECF pagination when citing the motion and supporting memorandum rather than those documents' internal pagination.

any termination that may have occurred before the settlement agreement. Rather, he alleges that WMATA broke its promise to place him in the next station manager–training class, which foreclosed future employment in that position and resulted in his ultimate discharge from WMATA. Compl. ¶¶ 33–38. WMATA contends that the settlement agreement never promised Plaintiff employment as a station manager, *see* Def.'s Mot. at 9, but even if that is true, it does not defeat the essence of Plaintiff's claim. The claim is not that WMATA wrongfully terminated him but that WMATA improperly refused to place him in the next station manager–training program. The proper remedies for such claim, if proven, are left for another day.

As for WMATA's motion for summary judgment, it is denied so as to permit Plaintiff to take discovery. Plaintiff has satisfied the factors set forth in *Convertino v. U.S. Department of Justice*, 684 F.3d 93 (2012), for determining whether denial or deferral of a summary judgment motion pending discovery is warranted. Those factors are as follows: the declaration must "outline the particular facts [Plaintiff] intends to discover and describe why those facts are necessary to the litigation," "explain why [Plaintiff] could not produce the facts in opposition to the motion for summary judgment," and "show that the information is in fact discoverable." *Id.* at 99–100 (alterations and internal quotation marks omitted). Here, the declaration submitted by Plaintiff's counsel outlines four main categories of facts Plaintiff would seek to discover and explains their import to the litigation. Pls.' Mot. for Denial or Continuance of WMATA's Mot. for Summ. J. Pending Discovery, ECF No. 16 [hereinafter Pls.' Mot.], Decl. of Paul S. Schleifman, ECF No. 16-1, at 6–9. The declaration also explains that Plaintiff cannot yet produce these facts because, since the motion for summary judgment was filed before any answer to the complaint, no discovery has yet been authorized. *Id.* at 9–10. Finally, the declaration states that the facts "are in WMATA's possession"—including in the form of medical and personnel records, training materials, and

2

safety rules and procedures—and so are discoverable. *Id.* at 10. The foregoing suffices to show that discovery is warranted before the court rules on WMATA's summary judgment motion. To the extent WMATA disputes the relevance and burdens of the discovery proposed, the court can address those issues as they arise after discovery commences.

Accordingly, for the reasons stated, WMATA's Motion to Dismiss Plaintiff's Complaint, and/or for Summary Judgment, ECF No. 14, is denied. Plaintiff's Motion for Denial or Continuance of WMATA's Motion for Summary Judgment Pending Discovery, ECF No. 16, is granted.

Dated: May 16, 2022

Amit P. Mehta
United States District Court Judge